IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SULEIMAN ABED MAGED QAZZA, | |
| Plaintiff, | **8:25CV116** |
| vs. | |
| ATTORNEY GENERAL OF THE UNITED STATES, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, DIRECTOR, FEDERAL BUREAU OF INVESTIGATIONS, NEBRASKA DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and U.S. DEPARTMENT OF STATE, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Suleiman Abed Maged Qazza filed a Petition for Writ of Mandamus, Filing No. 1, on February 19, 2025, and was given leave to proceed in forma pauperis, Filing No. 7. Plaintiff also filed a motion seeking appointment of counsel. Filing No. 4. The Court now conducts an initial review of the Petition to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), and will consider Plaintiff's supplemental filing, Filing No. 3, as part of the Petition. For the reasons that follow, the Court concludes the Petition states a claim upon which relief may be granted and will appoint counsel to assist Plaintiff with prosecution of this case.

## I. SUMMARY OF PETITION

Plaintiff brings this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq*., and seeks a writ of mandamus under 28 U.S.C. § 1361 against the United States Attorney General, the Secretary of the Department of Homeland Security,

the Director of the Federal Bureau of Investigation, the Director of the United States Citizenship and Immigration Services ("USCIS"), the Director of the Nebraska USCIS office, and the United States Department of State (collectively "Defendants"). Plaintiff alleges Defendants "are all officers or employees of the United States or an agency thereof, responsible for the granting of, or denial of, Applications for waiver of Ground Inadmissibility Form I-601 under the Immigration and Nationality Act and implementing regulations." Filing No. 1 at 3. Plaintiff alleges he "is an alien who is statutorily eligible to adjust status to that of permanent resident based on an immigration court decision on 2/15[/]2019," but his "Application For Adjustment, Form I-601, has been unlawfully delayed by Defendants." *Id*. at 2 (capitalization corrected).

Plaintiff is a "national of Jordan" who "was admitted to lawful permanent resident on July 17, 1993." *Id*. at 2–3. Plaintiff was convicted of assault with a deadly weapon in California on December 8, 1994, and received a suspended sentence of one year in jail. Plaintiff alleges this conviction was later "dismissed from superior court of California, County of Orange." *Id*. at 3 (capitalization corrected). Plaintiff submitted a copy of a Minute Order from the Superior Court of the State of California, County of Orange, that shows a hearing was held on January 19, 2024, in "People Vs Qazza, Suleiman Abd," Case Number 94NF1307FA, at which a public defender appeared for Plaintiff, who was not present, and the case was dismissed for "[o]ther reason" with the court noting that "the People are unable to proceed." Filing No. 3.[1]

---

[1] *See also People v. Qazza*, No. G061506, 2023 WL 6229993, at *1 (Cal. Ct. App. Sept. 26, 2023), review denied (Nov. 29, 2023) (finding "trial court erred by denying Qazza's [motion to vacate his conviction] in case number 94NF1307" and directing "trial court, upon remand, to allow Qazza to withdraw his 1994 plea to the charge of assault with a deadly weapon").

On or about January 30, 1998, Plaintiff "was charged with removability under section 237(a)(2)(A)(iii)" of the Immigration and Nationality Act ("INA")[2] and was taken into immigration custody in Long Beach, California, before being released on bail.  Filing No. 1 at 3.  On June 23, 2006, Plaintiff "was forcibly deported to Jordan . . . by [Immigration and Customs Enforcement] at time when his case was being heard (pending) in court of Appeal 9th Cir."  Id. (capitalization corrected).  Plaintiff applied several times for a visa through the United States Embassy in Jordan-Amman, but he was denied and a "counselor found plaintiff permanently inadmissible to United States."  Id. (spelling and capitalization corrected).  On April 1, 2014, Plaintiff filed a Waiver of Grounds Inadmissibility USCIS Form I-601 ("I-601 application") in the USCIS Nebraska office, and in October 2020, the USCIS Nebraska office claimed "that Documents related [to] this form I-601 had been returned to them, knowing that [Plaintiff's] mailing address has never changed."  Id.  As the Court understands it, USCIS has not taken any action on Plaintiff's I-601 application.  See Id. at 4 ("USCIS never answered[.]").  Plaintiff "seeks an order compelling Defendants to immediately grant or deny his application for I-601."  Id. (spelling corrected).

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

---

[2] Section 237(a)(2)(A)(iii) of the INA is codified at 8 U.S.C. § 1227(a)(2)(A)(iii) and provides, "Any alien who is convicted of an aggravated felony at any time after admission is deportable."

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Liberally construed, Plaintiff alleges Defendants have failed to make any determination on his I-601 application within a reasonable period of time, and he asks the Court to compel Defendants to adjudicate his I-601 application pursuant to the APA and the Mandamus Act, 28 U.S.C. § 1361.

4

The APA confers a right to judicial review on "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "[A]gency action" includes "failure to act." 5 U.S.C. § 551(13). And a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But other statutes can preclude judicial review, and judicial review is unavailable when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). A claim under § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 124 S. Ct. 2373, 2379 (2004). "[D]elay cannot be unreasonable with respect to action that is not required." *Id.* at 2379 n.1.

*Bansal v. U.S. Citizenship & Immigr. Servs.*, No. 4:21-CV-3203, 2021 WL 4553017, at *5 (D. Neb. Oct. 5, 2021).

Both Chief Judge Rossiter and Judge Buesher of this Court have previously determined that claims of unreasonable delay in adjudicating I-601 Applications for Waiver of Grounds of Inadmissibility and I-601A Applications for Provisional Unlawful Presence Waivers are not subject to judicial review under the APA. *Boulay v. Jaddou*, 700 F. Supp. 3d 753, 758 (D. Neb. 2023) (I-601 applications); *Solorio v. Miller*, 700 F. Supp. 3d 735 (D. Neb. 2023) (I-601A applications); *Beltran v. Miller*, 699 F. Supp. 3d 785 (D. Neb. 2023) (same). However, both judges expressly acknowledged that the issue presented in their cases "pertains to how the USCIS prioritizes and adjudicates I-601A [or I-601] applications over time—*not whether USCIS can fully withhold adjudication of waiver applications*." *Solorio*, 700 F. Supp. 3d at 747–48 (emphasis added) (citing *Beltran*, 699 F. Supp. 3d at 793); *see also Boulay*, 700 F. Supp. 3d at 758 (same). That is, the plaintiffs in Chief Judge Rossiter's and Judge Buescher's cases did not allege "that USCIS is failing or refusing to adjudicate any I-601A [or I-601] applications at all or failing or refusing to adjudicate Plaintiffs' application in particular," only that "Plaintiffs believe it is taking too long to get their I-601A [or I-601] application adjudicated." *Solorio*, 700 F.

5

Supp. 3d at 748; *see also Boulay*, 700 F. Supp. 3d at 758 ("[T]he plaintiffs do not allege Jaddou has absolutely refused to adjudicate their I-601 applications. . . . Instead, they challenge the USCIS's delays in reviewing their applications and seek expedited review.").

In contrast to the plaintiffs in *Boulay, Solorio*, and *Beltran*, Plaintiff alleges, liberally construed, that Defendants have failed to make any determination on his I-601 application and essentially have not taken any action on his application in the eleven years since he filed the application. Such allegations evoke the concerns raised by the plaintiffs in *Boulay* of USCIS "effectively nullifying its statutory grant of authority and indiscriminately collecting fees yet refusing to adjudicate I-601 applications 'forever without any consequence or recourse,'" which Chief Judge Rossiter acknowledged  "would certainly change the Court's analysis." *Boulay*, 700 F. Supp. 3d at 758. Indeed, other judges of this Court have concluded that "the better reasoned view is that courts have jurisdiction at a minimum under the APA because defendants have a non-discretionary duty to process [immigration-benefit applications] within a reasonable time, as distinct from its discretionary authority of whether to grant or deny the applications." *Qijuan Li v. Chertoff*, No. 8:07CV50, 2007 WL 2123740, at *3 (D. Neb. July 19, 2007). The Eighth Circuit has also noted the split of authority on whether federal courts have "power to entertain a claim that the government's delay in adjudicating an adjustment-of-status application is unreasonable" but declined to "decide whether an extreme delay by the government in adjudicating an adjustment-of-status application could amount to a 'failure to act,' that would empower the district court under the APA to compel agency action 'unlawfully

withheld.'" *Irshad v. Johnson*, 754 F.3d 604, 607 (8th Cir. 2014) (internal citation omitted) (quoting 5 U.S.C. § 551(13) and 5 U.S.C. § 706(1)).

Given the liberal construction afforded to Plaintiff's pro se Petition and the early procedural posture of this case, the Court concludes Plaintiff has alleged sufficient factual allegations to state a claim for relief under the APA for purposes of initial review. Accordingly, the Court will allow this case to proceed to service of process on Plaintiff's APA claim, as well as his request for mandamus relief pursuant to 28 U.S.C. § 1361 in order to ensure a just and fair resolution of this matter.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel in this case. Filing No. 4. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Here, the Court has concluded Plaintiff has alleged sufficient facts to state a claim for relief based on Defendant's failure to adjudicate his I-601 application. Plaintiff has been given leave to proceed in forma pauperis and represents that he "has been unable to obtain counsel independently" despite good faith efforts to do so and his "knowledge

of the practice of law is very limited[,] . . . the issues in this case are complex[, and] without the assistance of counsel, [P]laintiff will be unable to meaningfully pursue this claim." Filing No. 4.  Plaintiff is also physically located in Jordan.  Filing No. 1 at 1–2.  The Court also recognizes that "[i]mmigration law can be complex, and it is a legal specialty of its own."  *Shazi v. Wilkinson*, 988 F.3d 441, 450 (8th Cir. 2021) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010)). Given the complexity of the legal issues involved and Plaintiff's physical absence from the United States, the Court concludes that Plaintiff and the Court would benefit from the appointment of counsel at this stage in the matter.  Counsel is appointed as set forth below.

## V.  CONCLUSION

For purposes of initial review under 28 U.S.C. § 1915(e)(2), Plaintiff's Petition, Filing No. 1, alleges a plausible claim for relief against Defendants.  However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Petition.  This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.  This matter will proceed to service of process as set forth below.

IT IS THEREFORE ORDERED that:

1.    This matter may proceed to service of process against Defendants the United States Attorney General, the Secretary of the Department of Homeland Security, the Director of the Federal Bureau of Investigation, the Director of the United States Citizenship and Immigration Services, the Director of the Nebraska Office of the United States Citizenship and Immigration Services, and the United States Department of State.

2.     To obtain service of process on Defendants, the Clerk of Court is directed to complete summons forms and USM-285 forms using the following addresses:

- Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

- Secretary of U.S. Department of Homeland Security, c/o Office of General Counsel, MS 0485 Department of Homeland Security, 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528-0485

- Director of Federal Bureau of Investigation, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001

- Director of the United States Citizenship and Immigration Services, 5900 Capital Gateway Dr., Camp Springs, MD 20588-0009

- Director of Nebraska Office of the United States Citizenship and Immigration Services, 850 S Street, Lincoln, NE 68508

- United States Department of State, c/o Executive Office of the Office of the Legal Adviser, 600 19th Street NW, Ste. 5.600, Washington, D.C. 20522

- U.S. Attorney's Office, 1620 Dodge Street, Suite 1400, Omaha, NE 68102.

The Clerk of Court shall then forward all seven summons and USM-285 forms together with the necessary copies of the Petition, Filing No. 1; Filing No. 3, and a copy of this Memorandum and Order to the Marshals Service.  The Marshals Service shall serve Defendants by registered or certified mail at the addresses appearing above in this paragraph.  Federal Rule of Civil Procedure 4(i)(1), (2).

3.      The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[3]

4.      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice.  The United States has 60 days after service on the United States attorney to answer or otherwise respond to a complaint.

6.      The Clerk of Court is directed to set a case management deadline in this case with the following text: **December 24, 2025**: service of process to be completed.

7.      Plaintiff's Motion to Appoint Counsel, Filing No. 4, is granted.

8.      With thanks for accepting the appointment, Paul J. Forney and the Forney Law Firm are hereby appointed to represent Plaintiff Suleiman Abed Maged Qazza in this matter.[4]

9.      Paul J. Forney is directed to promptly enter his appearance as counsel in this case.

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

[4] The undersigned has been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

10. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the Forney Law Firm.

11. A second and last installment of $1,000 shall become due and payable to the Forney Law Firm upon the entry of judgment or other closing documents in the case.

12. Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee. *See also* NEGenR 1.7(f) and NECivR 54.3-54.4.

13. Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

14. Counsel for Plaintiff is appointed to assist Plaintiff with the prosecution of his claims and through trial, if this case should proceed to trial. The appointment will not extend to any appeal after trial.

15. The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiff and Plaintiff's appointed counsel.

16. Because counsel has been appointed, this case is removed from the pro se docket at the direction of the Court. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

11

Dated this 25th day of September, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge