IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SULEIMAN ABED MAGED QAZZA,

Plaintiff,

vs.

ATTORNEY GENERAL OF THE UNITED STATES, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, DIRECTOR, FEDERAL BUREAU OF INVESTIGATIONS, NEBRASKA DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and U.S. DEPARTMENT OF STATE,

Defendants.

**8:25CV116**

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

*Pro se* Plaintiff Suleiman Abed Maged Qazza, a national of Jordan, brought this mandamus action pursuant to 28 U.S.C. § 1361 asserting that Defendants have unlawfully delayed action on his Application for Waiver of Inadmissibility (Form I-601) filed on April 1, 2014. Filing 1 at 2 (¶¶ 1, 4).[1] This case is now before the Court on Defendants' Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Filing 21. Qazza filed no response to the Motion to Dismiss. For the reasons stated below, Defendants' Motion is granted, and this case is dismissed for lack of subject-matter jurisdiction because the claim is moot.

[1] Qazza calls his April 1, 2014, Form I-601 an Application for Adjustment, Filing 1 at 2 (¶ 1), and a Waiver of Grounds of Inadmissibility, Filing 1 at 2 (¶ 4). In a declaration, the Associate Portfolio Director within the Service Center Operations Directorate in the U.S. Citizenship and Immigration Services (USCIS) identifies the document filed on April 1, 2014, as a Form I-601, Application for Waiver of Grounds of Inadmissibility.

## I. INTRODUCTION

Qazza alleges the following facts, in the manner shown, in support of his Petition for Wri[t] of Mandamus Under 28 U.S.C. § 1361:

> Plaintiff was admitted to lawful permanent resident on July 17, 1993. On December 8.1994 plaintiff was convicted of volition California penal code 245 Assault with deadly weapon and was sentenced suspended one year in jail, later this convicted dismissed from superior court of California ,county of orange, plaintiff later placed into proceeding by Notice to Appear dated January 30, 1998 plaintiff was charged with removability under section 237(a)(2)(A)(iii), plaintiff was taken into immigration detention (immigration Custody) in long beach California and released on $5000.00 bail, the plaintiff was forcibly deported to Jordan On 6/23/2006 by ICE at time when his case was being heard . (pending) in court of Appeal 9th CIR. Plaintiff applied for visa in united state Embassy in Jordan-Amman, counselor found plaintiff permanently inadmissible to united state, plaintiff filed form to USCIS I-601 On April 1,2014, USCIS never answered[.]

Filing 1 at 3–4 (unnumbered para.). He also alleges, in the manner shown,

> . the plaintiff applied several times for a visa through the American Embassy in Jordan-Amman. was denied, On April 2014 Plaintiff filed to USCIS Nebraska office Form I-601 receipt Number LIN1490519318, USCIS office Nebraska claimed in October to 2020 that Documents related this form I-601 had been returned to them, knowing that my mailing address has never changed[.]

Filing 1 at 3 (¶ 5)

Qazza asserts the following claims for relief, in the manner shown:

> 6. Defendants' failure to make a determination on I-601's application for Waier of Grounds inadmissibility within a reasonable period of time, notwithstanding his clear right to relief and Defendants' clear duty to adjudicate the application, entitles Qazza Suleiman to petition this Court for a Writ of Mandamus pursuant to 28 U.S.C. § 1361.
>
> 7. Qazza seeks an order compelling Defendants to immediately grant or deny has application for I-601.

Filing 1 at 4 (¶¶ 6–7).

Qazza requests that the Court do the following:

> 8. Grant this petition and order Defendants to adjudicate Qazza's application for Waiver of Grounds inadmissibility, immediately;
>
> 9. Grant Attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority;
>
> 10. Grant such other and further relief as may be appropriate.
>
> 11. Grant Fees Waiver Write of Mandamus

Filing 1 at 4 (Wherefore clause).

On December 23, 2025, Defendants filed the Motion to Dismiss now before the Court asserting a "factual" challenge to subject-matter jurisdiction. *See* Filing 24 at 4 ("Defendants bring a factual challenge."). On a "factual" challenge to subject-matter jurisdiction, the Court may consider evidence submitted by Defendants as well as the Complaint. *See Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018) (explaining that in a "factual" attack on subject-matter jurisdiction, the court may consider matters outside the pleadings). The Defendants summarize the additional evidence they contend is relevant as follows, with bracketed insertions by the Court:

> On January 15, 2015, USCIS mailed Plaintiff a "Refund Letter" indicating the immigration court, not the agency, had jurisdiction to entertain his waiver of inadmissibility while removal proceedings were ongoing and, therefore, the agency was closing its review of the application and returning the fee application back to the Plaintiff. (*Id.* at p.5 [sic]; Filing No. 23-1 [(copy of refund letter)]). The fee was then refunded and returned to Plaintiff on February 12, 2015. (Filing No. 23, p. 2, ¶5 [(Dec. of Roller)]; Filing No. 23-1). Both the refund letter and the refund itself were mailed to Plaintiff at his address on record and neither document was returned as undeliverable. (Filing No. 23, p. 2, ¶¶5-6). The agency confirms there is no pending I-601 waiver application concerning the Plaintiff. (*Id.* at ¶8). The immigration court would later close removal proceedings on May 15, 2016. (*Id.* at ¶7).

Filing 24 at 3.[2]

[2] There is a [sic] on the first citation in the quotation because the prior citation was to 8 C.F.R. §§ 1003.10 & 1240.1(a)(ii), and neither regulation is paginated. The Declaration of Roller is by "the Associate Portfolio Director

As mentioned above, Qazza filed no response to Defendants' Motion to Dismiss. An applicable local rule provides that "[f]ailure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C). Thus, while the Court must still determine the merits of Defendants' Motion, Qazza is precluded from contesting Defendants' statement of facts in support of their Motion. *Id.*

## II. LEGAL ANALYSIS

### A. Rule 12(b)(1) Standards

Federal Rule of Civil Procedure 12(b)(1) provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Oglala Sioux Tribe v. C & W Enterprises, Inc.*, 487 F.3d 1129, 1130 (8th Cir. 2007) (citations omitted). Consequently, "[t]he plaintiff bears 'the burden of proving the existence of subject matter jurisdiction,' and [the Court] may look at materials 'outside the pleadings' in conducting [its] review." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (citations omitted). The Court must "decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Challenges to subject matter jurisdiction can be "factual" or "facial." *See Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018). More specifically, "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the

within the Service Center Operations Directorate ('SCOPS') in U.S. Citizenship and Immigration Services ('USCIS'), which is within the U.S. Department of Homeland Security ('DHS')." Filing 23 at 1 (¶ 1).

pleadings." *Id.* (citing *Osborn*, 918 F.2d at 729 n.6)); *accord Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) ("When the moving party makes a factual attack on the court's subject-matter jurisdiction, as the [Government did] here, the district court may look outside the pleadings and weigh evidence." (quoting *Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023)). Also, "[i]n a factual attack, the 'non-moving party does not have the benefit of 12(b)(6) safeguards.'" *Croyle*, 908 F.3d at 381 (quoting *Osborn*, 918 F.2d at 729 n.6).

Defendants' Motion to Dismiss asserts lack of subject-matter jurisdiction for two reasons: mootness and unreviewability of Qazza's claim.

### B. Defendants' Motion to Dismiss Based on Mootness

Defendants first assert that dismissal for lack of subject-matter jurisdiction is appropriate because Qazza's claim is moot. Filing 24 at 1.

*1. Defendants' Argument*

Defendants argue that Qazza's I-601 Waiver Application was moot in 2015 when the agency closed the application and returned Qazza's fee. Filing 24 at 5. Defendants explain that in these circumstances there is no longer a pending delay for the Court to consider, and Qazza's request for a decision is moot. Filing 24 at 6.

*2. Mootness Standards*

"Mootness" is a challenge to subject-matter jurisdiction. "Constitutional mootness is jurisdictional and derives from the case-or-controversy requirement of Article III." *Humphrey v. Christopher*, 146 F.4th 682, 689 (8th Cir. 2025) (quoting *In re Stanford*, 17 F.4th 116, 121 (11th Cir. 2021)). Thus,

> "[i]f the issues presented are no longer live or the parties lack a cognizable interest in the outcome, a case or controversy under Article III no longer exists because the

> litigation has become moot." *Allan v. Minnesota Dep't of Hum. Servs.*, 127 F.4th 717, 720 (8th Cir. 2025). A case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Cardiovascular Sys., Inc. v. Cardio Flow, Inc.*, 37 F.4th 1357, 1362 (8th Cir. 2022).

*Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 649–50 (8th Cir. 2025). To put it another way, "a party loses a cognizable interest when changed circumstances already provide the requested relief and eliminate the need for court action." *Allan v. Minnesota Dep't of Hum. Servs.*, 127 F.4th 717, 720 (8th Cir. 2025) (quoting *Brazil v. Ark. Dep't of Hum. Servs.*, 892 F.3d 957, 959 (8th Cir. 2018) (internal quotation marks omitted)).

*3. Qazza's Claim for Adjudication of His I-601 Is Moot*

Defendants allege and their additional evidence shows that USCIS closed Qazza's I-601 Application and refunded his fee in 2015—and notified Qazza that it was doing so in a Refund Letter—on the ground that the immigration court—not USCIS—had jurisdiction over the Waiver of Inadmissibility in the context of removal proceedings. Filing 23 at 2 (¶¶ 5–6); Filing 23-1. The Refund Letter and the refund were sent to Qazza's address of record. Filing 23 at 2 (¶¶ 5–6). Attached to the Refund Letter were instructions for submitting an I-601 application to the Immigration Court. Filing 23-1 at 2.

Thus, owing to changed circumstances, Qazza has already been provided with the relief he requested, because USCIS has already determined that it lacked jurisdiction over his Waiver Application. Thus, Qazza has lost any cognizable interest in USCIS adjudicating the Waiver Application. *See Allan*, 127 F.4th at 720. The issues presented are no longer "live" as to Qazza's claim against USCIS, a case or controversy under Article III no longer exists, and it is impossible for a court to grant any effectual relief whatever to Qazza against USCIS. Thus, the case has

become moot. *See Sorcan*, 131 F.4th at 649–50. Mootness of the case means that dismissal for lack of subject-matter jurisdiction is appropriate. *See Humphrey*, 146 F.4th at 689.

Defendants' Motion to Dismiss is granted on this ground, standing alone.

**C. The Motion to Dismiss Based on Unreviewability**

Notwithstanding that mootness is sufficient ground to grant Defendants' Motion to dismiss, standing alone, Defendants assert as an alternative ground for dismissal that Qazza's claim is unreviewable. Filing 24 at 1. Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(ii) stands as a jurisdictional bar to judicial review of a discretionary decision of the Attorney General or the Secretary of Homeland Security. Filing 24 at 6. Defendants point out that this Court has held that § 1252(a)(2)(B)(ii) strips jurisdiction from the courts for challenges to the pace of discretionary decisions to be made by the agency. Filing 24 at 7.

The Court does not dispute that 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." However, the Court finds it unnecessary to determine whether a decision on an I-601 Application for Waiver of Inadmissibility as to a removed alien in Qazza's circumstances invokes the jurisdiction-stripping statute. First, USCIS's determination was only that it did not have jurisdiction over the I-601 Application, not a determination on the merits, which might have been discretionary. Second, Defendants have not clearly demonstrated here that adjudication of an I-601 Application for Waiver of Inadmissibility as to a removed alien in Qazza's circumstances would be a discretionary decision if USCIS had jurisdiction.

Thus, the Court declines to consider Defendants' unreviewability ground for dismissal for lack of subject-matter jurisdiction.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Defendants' Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), Filing 21, is granted because Qazza's claim is moot.

Dated this 20th day of February, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge